IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAWN M. GAMRET,  )
                                      ) CA No. 13-246
    Plaintiff,  )
                                      )
V.

CAROLYN W. COLVIN,

    Defendant.

## OPINION AND ORDER

### SYNOPSIS

In this action, Plaintiff filed for disability benefits pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. 401 et seq. Plaintiff claims disability primarily due to lymphedema in her right arm and side, and complications from breast cancer; her application also raised mental impairments of depressive disorder and panic disorder. The claims were denied initially, and on rehearing. The Appeals Counsel denied Plaintiff's Request for Review. Before the Court are the parties' cross-motions for summary judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied.[1]

### OPINION

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to

---

[1] Because the issues addressed in today's Order are relatively narrow, I do not recount Plaintiff's medical history in full.

1

support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).

While the ALJ need not discuss every piece of evidence in the record, he must provide at least a glimpse into his reasoning. Zurawski, 245 F.3d at 889. "Even if enough evidence exists in the record to support the decision, [the court] cannot uphold it if 'the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" Hodes v. Apfel, 61 F. Supp. 2d 798, 806 (N.D. Ill. 1999) (quoting Sarchet v. Chater, 78 F.3d 305, 307 (1996)). Further, if the ALJ he has not sufficiently explained the weight he has given to all probative evidence, it may be inappropriate for the court to find that substantial evidence supports the ALJ's decision. Dobrowolsky, 606 F.2d at 407. "Since it is apparent that the ALJ cannot reject evidence for no reason or the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981).

## II. THE PARTIES' MOTIONS

Plaintiff bases her appeal on five interconnected grounds. She claims that the ALJ erred in the following respects: 1) at step five, by finding that Plaintiff was capable of performing sedentary work; 2) in failing to submit to the VE Plaintiff's non-exertional reaching limitations, in assessing alternate sedentary work; 3) in failing to submit to the VE Plaintiff's mental limitations, in assessing alternate sedentary level work; 4) failing to consider Plaintiff's mental limitations in concentration, persistence, or pace in determining RFC; and 5) relying on the VE's response to the ALJ's hypotheticals, which do not constitute substantial evidence.

First, I address Plaintiff's challenge to the manner in which the ALJ dealt with reaching limitations. The ALJ found that Plaintiff had an RFC for sedentary work, limited to only occasional fingering and handling with the dominant right hand, and limited to the performance of simple and repetitive tasks. In determining the RFC, the ALJ relied on the work-related physical activities assessments performed by two of Plaintiff's treating physicians, Drs. Soran and Rafkal. Both assessments found Plaintiff 's lymphedema affected her in the physical functions of pushing, pulling, reaching, handling, and fingering with the right arm. Neither physician specified a degree of limitation. Plaintiff contends that SSR 85-15 provides that reaching and handling are activities required in almost all jobs. Thus, she contends, limitations on reaching and handling may eliminate a large number of occupations, and the hypothetical to the VE should have reflected Plaintiff's reaching impairment.

This argument implicates step five of the sequential analysis, in which the burden shifts to the Commissioner "to show that other jobs exist in significant numbers in the national economy that the claimant could perform." Rutherford v. Barnhart, 399 F.3d 546, 551 (3d Cir. 2005). If the ALJ seeks advisory testimony from a vocational expert, "the hypotheticals posed

must 'accurately portray' the claimant's impairments and [] the expert must be given an opportunity to evaluate those impairments 'as contained in the record.'" Id. Accordingly, if the hypothetical question does not include "medically undisputed evidence of specific impairments" in the record, then "the expert's response is not considered substantial evidence." Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002).  Otherwise stated, "[h]ypothetical questions asked of the vocational expert must 'set out all of the claimant's impairments.' If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value." Lewis v. Apfel, 236 F.3d 503, 517-18 (9th Cir. 2001).

In this case, Drs. Rafkal and Soran each completed a Medical Source Statement of Claimant's Ability to Perform Work-Related Physical Activities, which noted that reaching was affected by Plaintiff's lymphedema.  At the hearing, the ALJ asked the VE the following hypothetical:

> If we assume an individual with the claimant's age, education, and limited work experience and assume that she would be capable of performing work at the sedentary level, remaining seated most of the workday and performing only occasional fingering and handling with the dominant right arm, no—and no work above shoulder level with that right arm, are there jobs that can be – limit the tasks to simple and repetitive nature, are there jobs that can be performed?

"Reaching," a physical demand addressed in the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO"), is defined as "Extending hand(s) and arm(s) in any direction." SCO, App. C at C-3.   While Defendant correctly suggests that "no work above shoulder level" incorporates a reaching limitation, it is not clear that the physicians' opinions were directed towards or restricted to overhead reaching.  Although an overhead reaching limitation is not inconsistent with the medical evidence, nor does it accurately reflect the medical evidence.  Indeed, it is unclear how the ALJ arrived at a limitation narrowed

and particularized to lifting the right arm above shoulder level; as Defendant points out, Plaintiff's treating physicians did not specify any particular nature or degree of reaching limitation. Defendant suggests that the ALJ's conclusion may have been based on Plaintiff's complaint, reflected in rehabilitation records, that she had difficulty with overhead reaching. The ALJ's decision, however, does not refer to those records; thus, Defendant's suggestion is no more than speculation. In contrast, the ALJ's decision does refer to the treating physicians' conclusions regarding the effect of Plaintiff's condition on her ability to reach. Those physicians used the term without qualification or modification – thus potentially implicating reaching in distances and directions other than over Plaintiff's head.

I note, too, that it is possible, even likely, that a broader reaching limitation would have affected the VE's conclusions. Several cases have addressed the jobs identified by the VE in this case – telephone quotation clerk, sedentary inspector jobs – and noted that the Dictionary of Occupational Titles lists them as requiring frequent reaching. See, e.g., Amick v. Colvin, No. 12-922, 2013 U.S. Dist. LEXIS 111661 (S.D.W.V. Aug. 8. 2013); McKaughan v. Astrue, No. 6-56, 2008 U.S. Dist. LEXIS 25745 (M.D. Tenn. Mar. 20, 2008); Jones v. Astrue, 570 F. Supp. 2d 708 (E.D. Pa. 2007). Moreover, many of these jobs might become unavailable if the person could reach overhead, but not in front of herself. See Bandy v. Astrue, No. 10-119, 2011 U.S. Dist. LEXIS 82415, at *15 (M.D. Tenn. Jul. 28, 2011). Thus, the extent of a reaching limitation reaches the heart of the vocational expert's assessment.

Of course, there exists the possibility that the ALJ intended to reject or assign little weight to the unilluminated "reaching" conclusions stated by Plaintiff's treating physicians, or otherwise found support in the record for restricting the reaching limitation to overhead movement. The opinion of a treating physician is, unless inconsistent with other evidence of

5

record, entitled to great weight. Ahmad v. Comm'r of Soc. Sec., No. 12-4367, 2013 U.S. App. LEXIS 15063 (3d Cir. July 23, 2013). Further, "[i]n making a residual functional capacity determination, the ALJ must consider all evidence before him .... Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). Here, the ALJ does not discuss the weight, if any, that he accords the opinions that Drs. Soran and Rafkal proffer regarding Plaintiff's ability to reach. If the ALJ indeed intended to reject or alter the physicians' opinions, he must explain his reasons for doing so.

Remand is required where the hypothetical question is deficient. Anderson v. Astrue, 825 F. Supp. 2d 487, 498 (D. Del. 2011). Likewise, remand is required if the ALJ has not identified the basis for rejecting a treating physician's opinion. Jones v. Astrue, 647 F.3d 350, 357 (D. C. Cir. 2011). Accordingly, this matter must be remanded so that the ALJ can identify the basis for concluding that Plaintiff is subject only to a limitation on overhead reaching, or so that the ALJ can obtain VE testimony in response to a complete and accurate hypothetical based on the medical evidence. On remand, the parties may further explore the issues addressed herein, and supplement the record if necessary. See 20 C.F.R. § 404.983.

As a final matter, I reject Plaintiff's remaining arguments. The hypothetical to the VE adequately accounted for Plaintiff's mental limitations as described by Dr. Link in her evaluation. Moderate limitations such as those described by the Dr. Link are consistent with the limitation on simple, repetitive tasks. See, e.g., McDonald v. Astrue, 293 Fed. Appx. 941, 946-47 (3d Cir. 2008). Further, the ALJ otherwise adequately dealt with Plaintiff's mental impairments. Remand on that basis is unwarranted.

6

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment will be granted, and Defendant's denied. This matter will be remanded for further proceedings consistent with this Opinion.

## ORDER

AND NOW, this _10th_ day of January, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment [7] is GRANTED, and Defendant's [9] DENIED. This matter is hereby remanded to the Commissioner for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court